UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LITTRE, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | ) Case No.: 1:13-cv-00447 - JLT <br> ) <br> ) ORDER DISCHARGING TO SHOW CAUSE <br> ) <br> ) (Doc. 4) <br> ) <br> ) ORDER GRANTING PLAINTIFF'S MOTION TO <br> ) PROCEED IN FORMA PAUPERIS <br> ) <br> ) (Doc. 2) <br> ) <br> ) ORDER DISMISSING PLAINTIFF'S <br> ) COMPLAINT WITH LEAVE TO AMEND |

Andrew Little ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an action for judicial review of a determination of the Social Security Administration. Pending before the Court are the complaint (Doc. 1) and an application to proceed *in forma pauperis* (Doc. 2) filed by Plaintiff on March 27, 2013. (Docs. 1-2).

**I.   Background**

On April 1, 2013, the Court noted Plaintiff's affidavit in support of his motion to proceed *in forma pauperis* failed to provide sufficient information for the Court to make a determine whether Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a). (Doc. 3). Accordingly, the Court ordered Plaintiff to file an amended motion to proceed *in forma pauperis* within fourteen days of the date of

1

service of the order. *Id.* Plaintiff failed to respond to the Court's order, and on April 18, 2013, the Court issued an order to show cause why the action should not be dismissed. (Doc. 4).

On April 25, 2013, Tamara Little, Plaintiff's mother, filed a letter to the Court asserting she has "been the sole support" for Plaintiff for the past four and a half years. (Doc. 5). In addition, Ms. Little reported Plaintiff "does not work and does not receive money from any other source." *Id.*

## II.     Proceeding *in forma pauperis*

The Court may authorize the commencement of an action without prepayment of fees "but a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed Plaintiff's application with the supplemental information provided by Ms. Little, and has determined that Plaintiff satisfied the requirements of 28 U.S.C. § 1915(a). Accordingly, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

## III.    Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## IV.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds

upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**V.     Jurisdiction**

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 2). The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment

> affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added).  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at *4-5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)).  The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed.  *Id.*

From an attachment filed with Plaintiff's complaint, it is apparent that the Appeals Council denied his request for review of the decision rendered by the administrative law judge.  However, the Court has been provided no information regarding when the Appeals Council denied his request for review, and as such it is unclear when the Commissioner issued a final decision in his case.  Without this information, the Court is unable to determine whether Plaintiff's request for judicial review is timely, or if it is barred pursuant to 42 U.S.C. § 405(g).

**VI.     Conclusion and Order**

Leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).  Here, the Court cannot find with certainty that Plaintiff cannot allege facts supporting a determination that the Court has jurisdiction over the matter.  The Court will grant Plaintiff leave to file an amended complaint that states when Appeals Council denied his request to review the decision of the administrative law judge.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in

itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110 and will result in dismissal of this action.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Order to Show Cause issued April 18, 2013 (Doc. 4) is **DISCHARGED**;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
3. Plaintiff's complaint **IS DISMISSED** with leave to amend; and
4. Plaintiff is **GRANTED** twenty-one (21) days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated:   **May 3, 2013**                              **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE