UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LITTLE,<br><br>       Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | ) Case No.: 1:13-cv-00447 - JLT<br>)<br>) ORDER DISMISSING PLAINTIFF'S FIRST<br>) COMPLAINT WITH LEAVE TO AMEND<br>)<br>)<br>)<br>)<br>) |

Andrew Little ("Plaintiff") seeks to proceed with an action for judicial review of a decision of the Social Security Administration. Because Plaintiff is proceeding *in forma pauperis* in this action, the Court must review the First Amended Complaint and shall dismiss it, or portion of thereof, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). For the following reasons, Plaintiff's First Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**.

I. **Background**

On April 1, 2013, the Court noted Plaintiff's affidavit in support of his motion to proceed *in forma pauperis* failed to provide sufficient information for the Court to make a determine whether Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a). (Doc. 3). The Court reviewed the application with the supplemental information provided by Ms. Little (Doc. 5), and determined that

Plaintiff satisfied the requirements of 28 U.S.C. § 1915(a).  Accordingly, Plaintiff's motion to proceed *in forma pauperis* was granted on May 3, 2013.  (Doc. 6).

The Court reviewed Plaintiff's complaint in conjunction with his motion to proceed *in forma pauperis*, and found the information provided was insufficient to determine whether the District Court has jurisdiction over his claim for judicial review.  (Doc. 6 at 3).  Therefore, the Court dismissed Plaintiff's complaint with leave to amend.  *Id.* at 5.  Plaintiff filed his First Amended Complaint on May 23, 2013, which is now before the Court for screening.  (Doc. 7).

## II.      Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads

> facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. Jurisdiction

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits.  (Doc. 2).  The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added).  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at *4-5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)).  The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed.  *Id.*

From an attachment filed with Plaintiff's initial complaint, it is apparent that the Appeals Council denied his request for review of the decision rendered by the administrative law judge.  Again, however, Plaintiff has failed to provide information in his First Amended Complaint regarding when the Appeals Council denied his request for review, and as such it is unclear when the Commissioner

3

issued a final decision in his case.  Without this information, the Court is unable to determine whether Plaintiff's request for judicial review is timely, or if it is barred pursuant to 42 U.S.C. § 405(g).

### IV.     Conclusion and Order

Leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).

Here, the Court cannot find with certainty that Plaintiff cannot allege facts supporting a determination that the Court has jurisdiction over the matter.  The Court will grant Plaintiff leave to file a Second Amended Complaint **that states *when* the Appeals Council denied his request to review the decision of the administrative law judge**.  Plaintiff is cautioned this is his **final opportunity** to file an complaint that states sufficient facts for the Court determine the matter of its jurisdiction.  If Plaintiff fails to provide this information once again, the Court will presume he is unable to allege that his request for judicial review is timely, and find that the Court lacks jurisdiction over the matter.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his Second Amended Complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the previous pleadings no longer serve any function in the case.

The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110 and will result in dismissal of this action.

///

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's First Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**; and

2. Plaintiff is **GRANTED** twenty-one (21) days from the date of service of this order to file a Second Amended Complaint that addresses the matter of the Court's jurisdiction, and that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated: **May 29, 2013**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE