UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LITTLE,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No.: 1:13-cv-00447 - JLT<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

Andrew Little ("Plaintiff") is proceeding *pro se* with an action for judicial review of a decision of the Social Security Administration. For the following reasons, the Court recommends the action be **DISMISSED** without prejudice.

**I.     Background**

Plaintiff is proceeding *in forma pauperis* with this action, and as a result the Court screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2). The Court found the information provided was insufficient to determine whether the District Court has jurisdiction over his claim for judicial review. (Doc. 6 at 3). Therefore, the Court dismissed Plaintiff's complaint with leave to amend. *Id.* at 5.

Plaintiff filed his First Amended Complaint on May 23, 2013 (Doc. 7), but again failed to provide information regarding when the Appeals Council denied his request for review. As a result, it

is unclear when the Commissioner issued a final decision in his case, and the Court was unable to determine whether Plaintiff's request for judicial review is timely, or if it is barred pursuant to 42 U.S.C. § 405(g). Again, the Court granted Plaintiff leave to file an amended complaint to allege facts sufficient for the Court to address the matter of its jurisdiction. (Doc. 8). Plaintiff was ordered to file a Second Amended Complaint within twenty-one days of the date of service of the order, or no later than June 19, 2013.

Because Plaintiff failed to file a Second Amended Complaint, the Court issued an order to show cause on June 25, 2013. (Doc. 9). Plaintiff was warned that failure to prosecute an action and failure to obey the Court's orders may result in dismissal of the action. *Id.* Plaintiff was ordered "to show cause within fourteen days of the date of service of this Order why the action should not be dismissed for failure to comply with the Court's order, or in the alternative, to file a Second Amended Complaint." *Id.* at 2. Again, Plaintiff failed to comply with or otherwise respond to the Court's order.

## II.   Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.   Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

1 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability
2 of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61;
3 *Thomspon*, 782 F.2d at 831.

4     In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's
5 interest in managing the docket weigh in favor of dismissal.  Judges in the Eastern District of California
6 carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this action in
7 abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court and failure to
8 prosecute.  The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption
9 of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v.*
10 *Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

11     Notably, Plaintiff was warned that "[f]ailure to file an amended complaint . . . will be
12 considered to be a failure to comply with an order of the Court pursuant to Local Rule 11 and will
13 result in dismissal of this action." (Doc. 8 at 4).  In addition, in the Order to Show Cause, the Court
14 reminded Plaintiff that an action may be dismissed "based on a party's failure to prosecute an action or
15 failure to obey a court order." (Doc. 9 at 1-2).  These warnings that failure to comply would result in
16 sanctions, including dismissal, satisfy the requirement that the Court consider less drastic measures.
17 *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Plaintiff had adequate warning that dismissal
18 would result from his noncompliance with the Court's orders, and his failure to prosecute the action.
19 Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors
20 in favor of dismissal.

21 **IV.   Order**

22     Plaintiff failed to comply with, or otherwise respond to, the Court's orders dated May 29, 2013
23 (Doc. 8) and June 25, 2013 (Doc. 9).  Consequently, Plaintiff has also failed to prosecute this action
24 through his failure to file a Second Amended Complaint.   Good cause appearing, **IT IS HEREBY**
25 **ORDERED**:  The Clerk of Court is DIRECTED to assign a United States District Judge to this action.
26 **V.   Findings and Recommendations**
27     Based upon the foregoing, **IT IS HEREBY RECOMMENDED**: that this action be
28 **DISMISSED without prejudice.**

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 12, 2013**                              **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE